**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| National Union Fire Insurance Company of Pittsburgh, PA,<br><br>Plaintiff,<br><br>v.<br><br>Ampam Riggs Plumbing Incorporated, et al.,<br><br>Defendants. | No. CV-14-00039-PHX-DGC<br><br>**ORDER** |

Defendants Del Webb Communities, Inc., Del Webb's Coventry Homes, Inc., and Del Webb's Coventry Homes Construction Co. (hereinafter "Del Webb") filed a motion to dismiss or stay all claims in this case against all Defendants. Doc. 22. Plaintiff National Union Fire Insurance Company of Pittsburgh, PA ("National Union") responded by voluntarily dismissing the claims against Del Webb. Docs. 25, 26. Del Webb then filed a motion to intervene to continue seeking dismissal of the claims against Defendant AMPAM Riggs Plumbing, Inc. ("AMPAM). Doc. 27. The motions have been fully briefed. For the reasons stated below, the Court will grant Del Webb's motion to intervene, deny as moot the motion to dismiss, and provide directions for the continuing litigation of this case.[1]

---

[1] The requests for oral argument are denied because the issues have been fully briefed and oral argument will not aid the Court's decision. *See* Fed. R. Civ. P. 78(b); *Partridge v. Reich*, 141 F.3d 920, 926 (9th Cir. 1998).

**I.     Background.**

AMPAM is a plumbing subcontractor that was hired by Del Webb to install plumbing systems in Del Webb's residential development in Anthem, Arizona. Doc. 22 at 7. National Union is an excess liability insurer that issued five liability policies to AMPAM between 1999 and 2003. Docs. 22 at 7, 31 at 3. Del Webb asserts that it is an additional insured under the policies. Doc. 22 at 7. In December 2007, Joan Kirsch, individually and on behalf of other homeowners at the Anthem development, filed a class action lawsuit against Del Webb for breach of implied and expressed warranties, alleging defective and improperly installed plumbing systems at the Anthem development (hereinafter "the Kirsch action"). Docs. 22 at 7, 31 at 4. Del Webb asked National Union to defend it in the lawsuit in April 2008. Doc. 22 at 7. National Union refused, claiming that Del Webb is not an additional insured under the policies and had no proof that the primary insurance had been exhausted. Doc. 22 at 8. Del Webb asserts that it repeatedly offered proof of National Union's obligation to defend it, but that National Union continued to refuse coverage. *Id*. at 8-9.

In December 2009, Del Webb filed a third-party complaint in the Kirsch action against AMPAM and other subcontractors, seeking indemnification and defense under the subcontracts. Docs. 22 at 8, 31 at 4. Del Webb ultimately obtained a summary judgment holding that AMPAM had a duty to defend Del Webb. Doc. 27-2 at 17-20. AMPAM has filed for bankruptcy, its liability in the Kirsch action has been discharged, and, according to Del Webb, it is likely now defunct. Doc. 27-3. Despite being served as a Defendant in this case, AMPAM has not answered and did not participate in the Rule 26(f) conference as required by the Court's order. Docs. 29, 34.

In August 2013, Del Webb sued National Union in federal court in the Central District of California ("the California action"), alleging various claims including breach of contract and breach of the duty of good faith and fair dealing, and seeking declaratory relief on the coverage dispute. Docs. 22 at 10, 31 at 5. National Union filed this case in January 2014, also seeking declaratory relief regarding the coverage issues. Doc. 1.

1   National Union then moved to dismiss or stay the California action pending resolution of
2   this case.  Doc. 31 at 5.  The California federal court denied the motion, citing the "first-
3   to-file" rule that Del Webb argues should result in dismissal of this case.  Doc. 27-5.[2]

4   **II.     Voluntary Dismissal and Motion to Dismiss.**

5   After being served in this action, Del Webb moved to dismiss the case in its
6   entirety under the first-to-file rule.  Doc. 22 at 13.  This rule arises from the doctrine of
7   federal comity, "which permits a district court to decline jurisdiction over an action when
8   a complaint involving the same parties and issues has already been filed in another
9   district."  *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982).
10  The rule "is not a rigid or inflexible rule to be mechanically applied, but rather is to be
11  applied with a view to the dictates of sound judicial administration."  *Id.* at 95 (citing
12  *Church of Scientology of Cal. v. U.S. Dept. of Army*, 611 F.2d 738, 750 (9th Cir.1980)).
13  Indeed, the "most basic aspect of the first-to-file rule is that it is discretionary[.]"
14  *Alltrade, Inc. v. Uniweld Prods., Inc.*, 946 F.2d 622, 628 (9th Cir. 1991).

15  In response to the motion, National Union conceded that the first-to-file rule bars
16  its complaint in this case against Del Webb, but not against AMPAM, and filed a notice
17  voluntarily dismissing the claims against Del Webb.  Docs. 25, 26.  National Union now
18  argues that because the claims against Del Webb have been dismissed, the Court has lost
19  jurisdiction over Del Webb and any arguments made in its motion to dismiss, including
20  arguments that National Union's claims against AMPAM should be dismissed.  Doc. 30
21  at 2.  National Union urges the Court to deny the motion to dismiss as moot.

22  "Under Rule 41(a)(1), a plaintiff has an absolute right voluntarily to dismiss his
23  action prior to service by the defendant of an answer or a motion for summary judgment."
24  *Concha v. London*, 62 F.3d 1493, 1506 (9th Cir. 1995) (citing *Hamilton v. Shearson-*
25  *Lehman American Express, Inc.*, 813 F.2d 1532, 1534 (9th Cir. 1987)).  "Even if the

---

[2] On a motion to dismiss, the Court may take judicial notice of matters of public record.  *MGIC Indem. Corp. v. Weisman*, 803 F.2d 500, 504 (9th Cir. 1986).  The Court will take judicial notice of the March 14, 2014 ruling in the Civil Minutes of the California action, SA CV 13-1330 GAF (SHx).

- 3 -

defendant has filed a motion to dismiss, the plaintiff may terminate his action voluntarily by filing a notice of dismissal under Rule 41(a)(1)" as to some or all of the defendants and some or all of the claims. *Concha*, 62 F.3d at 1506 (citing *Miller v. Reddin*, 422 F.2d 1264, 1265 (9th Cir. 1970); *Pedrina v. Chun*, 987 F.2d 608, 609 (9th Cir. 1993)). The "filing of a notice of voluntary dismissal with the court automatically terminates the action as to the defendants who are the subjects of the notice." *Concha*, 62 F.3d at 1506.

The effect of National Union's voluntary dismissal is clear: "a dismissal under Rule 41(a)(1) is effective on filing, no court order is required, the parties are left as though no action had been brought, the defendant can't complain, and the district court lacks jurisdiction to do anything about it." *Commercial Space Mgmt. Co., Inc. v. Boeing Co., Inc.*, 193 F.3d 1074, 1078 (9th Cir. 1999). Thus, Del Webb is no longer a defendant in this case and its motion to dismiss is moot – "the parties are left as though no action had been brought." *Id.*

**III.  Motion to Intervene.**

Without conceding that National Union's voluntary dismissal mooted the motion to dismiss, Del Webb has filed a motion to intervene in this case. Doc. 27. Del Webb seeks to "take whatever steps are necessary to prevent National Union from obtaining a default judgment against AMPAM that it could then attempt to use offensively against Del Webb." *Id*. at 8. Del Webb argues that it is entitled to intervene as a matter of right under Rule 24(a) because it is the real party in interest to National Union's claims and AMPAM cannot adequately defend Del Webb's rights. *Id*. at 2. Del Webb also seeks permissive intervention under Rule 24(b).

**A.  Rule 24(a)**

**1.  Legal Standard.**

Under Rule 24(a), a court must allow intervention by anyone who "claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that

interest." The Ninth Circuit has established a four-part test for intervention under Rule 24(a): a proposed intervenor must (1) have a significantly protectable interest in the property or transaction that is the subject of the action, (2) be situated so that the disposition of the action may impair that party's ability to protect that interest, (3) demonstrate that its interests are not adequately represented by other parties, and (4) move to intervene in a timely manner. *Arakaki v. Cayetano*, 324 F.3d 1078, 1083 (9th Cir. 2003).

### 2. Protectable Interest.

The first requirement for intervention of right is the existence of a protectable interest. A proposed intervenor must establish that (1) its interest is protected under some law and (2) there is a relationship between the legally protected interest and the plaintiffs' claims. *Donnelly*, 159 F.3d at 409. The prospective intervenor need not show that the interest he asserts is protected by the statute under which the litigation is brought. *Sierra Club v. U.S. EPA*, 995 F.2d 1478, 1484 (9th Cir. 1993). Rather, he must show only that "the interest is protectable under *some* law." *Id.* (emphasis added). A sufficient relationship to the claims in the litigation exists if resolution of the plaintiff's claims actually will affect the applicant. *Donnelly*, 159 F.3d at 410 (citations omitted).

Del Webb argues that it is has a protectable interest because it is an additional insured under National Union's policies with AMPAM and therefore has a "justifiable concern" that National Union will use a default judgment against AMPAM as a sword in the California action. Doc. 27 at 10-11. This argument is not persuasive because Del Webb's status as an additional insured is not at issue in this case. With the claims against Del Webb having been voluntarily dismissed, National Union does not seek a judgment concerning Del Webb's additional insured status. That status will be decided in the California action where both Del Webb and National Union are full participants. Although it is conceivable that National Union could try to argue that Del Webb cannot recover under the policies even if it is an additional insured – because the judgment in this action holds that there is no coverage at all under the policies – Del Webb would not

be bound by such a judgment if it was not a party to this litigation, the coverage issues were not fully litigated (having been decided by default), and no party represented Del Webb's interests here.

Del Webb also argues that has a protectable interest because it is a future judgment creditor of AMPAM and has an interest in preserving AMPAM's insurance coverage. Doc. 27 at 12-13. Del Webb argues that the court in the Kirsch action has already ruled that AMPAM has a duty to defend Del Webb in that action, and once that ruling is reduced to a final judgment Del Webb will seek to enforce it against National Union. *Id.* at 12. Del Webb is concerned that a default judgment in this case, holding that National Union has no obligation to indemnify AMPAM, could thwart Del Webb's efforts to collect from the insurance.

There is no bright line test for determining whether a party has a sufficient interest for intervention of right. *In re Estate of Ferdinand E. Marcos Human Rights Litig.*, 536 F.3d 980, 984 (9th Cir. 2008). Rather, "the 'interest' test directs courts to make a practical, threshold inquiry, and is primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Id*. at 984-85 (citing *S. Cal. Edison Co. v. Lynch*, 307 F.3d 794, 803 (9th Cir. 2002) *modified*, 307 F.3d 943 (9th Cir. 2002) and *certified question answered sub nom. S. Cal. Edison Co. v. Peevey*, 31 Cal. 4th 781, 74 P.3d 795 (2003)). Even an economic interest will support intervention of right if it is concrete and related to the subject matter underlying the main action. *United States v. Alisal Water Corp.*, 370 F.3d 915, 920 (9th Cir. 2004).

National Union argues that, under Ninth Circuit law, a proposed intervenor must reduce its claim to judgment before it has a protectable interest in the debtor's insurance coverage. Doc. 31 at 11. But National Union has not cited a single Ninth Circuit case that requires a reduction to judgment before an interest is legally protectable. Rather, the cases cited by National Union make clear that where an economic interest is at issue, courts do not draw a bright line as to whether a judgment has been finalized, but rather

analyze whether the interest is concrete as opposed to speculative. *See, e.g., Med. Protective Co. v. Pang*, CV 05-2924-PHX-SMM, 2006 WL 1544192 (D. Ariz. June 1, 2006) (finding a proposed intervenor's economic interest too speculative because there was no judgment and the judgment hinged on the opinions of a jury in state court); *Tudor Ins. Co. v. 1st Nat. Title Ins. Agency, LLC*, 281 F.R.D. 513, 518 (D. Utah 2012) (finding no legally protectable interest where intervenor had no judgment in state court and no evidence that successful intervention would allow it to satisfy a judgment it did obtain); *Genesis Ins. Co. v. Crowley*, 2005 WL 3989772 (D. Colo. 2005) (similar). The fact that an interest asserted by an intervenor has not been reduced to judgment may be evidence that it is speculative, but does not dispose of whether the interest is sufficiently protectable to satisfy Rule 24(a). *See, e.g, Liberty Mut. Ins. Co. v. Pac. Indem. Co.*, 76 F.R.D. 656, 660 (W.D. Pa. 1977) (finding right to be too speculative where intervenor had not yet recovered a judgment and where contested issues of fact must be resolved in his favor before he recovers a judgment).

The Ninth Circuit has instructed that "[i]n determining whether intervention is appropriate, we are guided primarily by practical and equitable considerations. We generally interpret the requirements broadly in favor of intervention." *Donnelly v. Glickman*, 159 F.3d 405, 409 (9th Cir. 1998); *see also Citizens for Balanced Use v. Montana Wilderness Ass'n*, 647 F.3d 893, 897 (9th Cir. 2011) (noting that review of intervention decision mandates broad construction and "is guided primarily by practical considerations, not technical distinctions.").

Applying practical and equitable considerations, the Court has no difficulty finding that Del Webb has a significantly protectable interest in this case. Del Webb's likelihood of obtaining a judgment against AMPAM is much more than speculative. Del Webb has already obtained a summary judgment holding that AMPAM has a duty to defend it, and that judgment alone could trigger AMPAM's insurance coverage. The interest is legally protected because it has been recognized in a summary judgment. The Court also finds a clear relationship between Del Webb's interest and National Union's

1 claims in this case.  If National Union obtains a default judgment that it has no insurance
2 obligations to AMPAM – a result that is certain if Del Webb is not allowed to intervene –
3 National Union could seek to use that judgment in opposing any efforts by Del Webb to
4 collect on its judgment against AMPAM.  National Union could argue that it has no
5 obligation to pay the judgment because, under the ruling in this case, it has no insurance
6 obligation to AMPAM.  The Court is not certain such a defense would work, but does not
7 doubt that National Union will make the argument.  National Union certainly has said
8 nothing in its briefing to suggest otherwise.

Where, as a practical matter, it appears that Del Webb will obtain a judgment against AMPAM and will seek to collect it from AMPAM's insurer, and where that insurer is actively seeking in this case to eliminate the insurance, Del Webb clearly has a significant protectable interest in this case.  This conclusion is reinforced by the Ninth Circuit's teaching that the requirements of Rule 24(a) are to be interpreted broadly in favor of intervention. *Glickman*, 159 F.3d at 409.  The first requirement for intervention of right is satisfied.

### 3. Remaining Requirements.

The second, third, and fourth requirements for intervention of right are also satisfied. *Arakaki*, 324 F.3d at 1083.  Under the second requirement, Del Webb must show that disposition of this action "may as a practical matter impair or impede [its] ability to protect [its] interest."  Fed. R. Civ. P. 24(a)(2).  Generally, after finding that a proposed intervenor has a significant protectable interest, courts have little difficulty concluding that the disposition of the case may affect it. *Lockyer v. United States*, 450 F.3d 436, 442 (9th Cir. 2006).

That is true here.  In a recent Rule 26(f) report, National Union stated that it will seek a default judgment in this case if default is entered against AMPAM (Doc. 34), as it surely will be given AMPAM's complete failure to respond.  The requested judgment will hold that "National Union has no duty to defend and/or indemnify [AMPAM] due to: (1) the lack of 'property damage' caused by an 'occurrence,' as those terms are defined

by the National Union policies; (2) the fact that the alleged damages are excluded from coverage under the 'business risk' exclusions of the National Union policies; and/or (3) the fact that the alleged damages did not take place during the National Union policies' policy periods." *Id.* at 6. Such a judgment, holding that National Union's policies provide no coverage for AMPAM's actions at issue in the Kirsch litigation, could as a practical matter impair Del Webb's ability to recover from National Union as AMPAM's insurer.

Under the third requirement, Del Webb must show that AMPAM will not protect its interests. This requirement is easily satisfied. In addition to being bankrupt, AMPAM has not appeared, answered, or participated in this case, even when required to do so by court order. Doc. 34.

The fourth requirement – a timely motion to intervene – is also satisfied. Del Webb filed the motion in the early stages of this case and immediately upon learning of National Union's voluntary dismissal of the claims against Del Webb.

The Court concludes that all four requirements for intervention of right are satisfied in this case. The Court accordingly will grant Del Webb's motion to intervene under Rule 24(a).

**B.     Rule 24(b).**

Even if Del Web were not entitled to intervene as a matter of right, it would be allowed to intervene permissively under Rule 24(b). A court may grant permissive intervention "where the applicant for intervention shows (1) independent grounds for jurisdiction; (2) the motion is timely; and (3) the applicant's claim or defense, and the main action, have a question of law or question of fact in common." *United States v. City of L.A.*, 288 F.3d 391, 403 (9th Cir. 2002). Permissive intervention is a matter within the sound discretion of the district court. *See Kootenai Tribe of Idaho v. Veneman*, 313 F.3d 1094, 1110-11 (9th Cir. 2002).

The court has an independent basis for jurisdiction because Del Webb and National Union are diverse parties and the claims at issue are worth more than $75,000.

As noted above, the motion is also timely. Finally, there are common questions of law or fact between Del Webb's asserted interests and the claims in this case, as discussed above. The Court therefore grants Del Webb's motion to intervene under Rule 24(b) in addition to Rule 24(a).

### III. Additional Observations and Next Steps.

Del Webb will be permitted to intervene solely for the purpose of opposing National Union's coverage claims with respect to AMPAM. This case will not concern the question of whether Del Webb is an additional insured under the National Union policies. That issue will be resolved in the California action. Del Webb promptly shall file its answer in intervention in this case.

As noted above, the motion to dismiss previously filed by Del Webb became moot when National Union's voluntarily dismissed the claims against Del Webb. Although the motion arguably is no longer moot now that Del Webb has been allowed to intervene, National Union did not (because it viewed the motion as moot) respond to Del Webb's arguments that the claims against AMPAM should be dismissed. The Court will deny the motion as moot.

This case shall proceed as follows: (1) the Rule 16 conference set for May 13, 2014 is **vacated**; (2) if Del Webb wishes to pursue its motion to dismiss the remaining claims in this case against AMPAM, it shall re-file its motion to dismiss by May 23, 2014, and the motion will be briefed in the normal course; (3) if Del Webb does not re-file the motion to dismiss by that date, the parties jointly shall place a telephone call to the Court's staff by May 30, 2014, to obtain a new date for a Rule 16 conference and for filing a Rule 26(f) report.

**IT IS ORDERED:**

1. Del Webb's motion to dismiss (Doc. 22) is **denied** as moot.
2. Del Webb's motion to intervene (Doc. 27) is **granted**.
3. This case shall proceed as set forth above.

Dated this 9th day of May, 2014.

                                             David G. Campbell
                                             United States District Judge